# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

SHARON MCROYAL,

Plaintiff,

v.

COMMONWEALTH EDISON CO. and
EXELON CORP.,

Defendants.

No. 05 C 6054
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Defendants move for the dismissal of the suit filed against them by Sharon McRoyal, on the grounds that she lied egregiously on the financial affidavit in her application for leave to file in forma pauperis ("IFP").

Defendants' issue is based on a second financial affidavit that Plaintiff submitted. I rejected the first application because it was inherently unbelievable. In that first application, Plaintiff said that the sole source of family income was a $10 per hour job held by her spouse. She stated that there were no other salaries or assets, but listed six children as dependents. I denied the application without prejudice because, as I wrote in my order, "it is difficult to believe that the support of the children could possibly be achieved absent . . . financial support from others like family or government or charitable institutions." I intimated that she may have misunderstood the form and invited Plaintiff to file another application listing all sources of income or, if there were none, how a family of eight could live on her spouse's low-wage job.

Plaintiff then filed another application. This time she said that her spouse had lost his job, did not receive unemployment benefits and had no income or assets. They only managed to

survive with the "help of God through Jesus Christ." Fortunately for her, the document was not executed under oath. I told her to fill out a new IFP application and sent her a form.

Approximately five months after the original filing, Plaintiff filed the latest version of the IFP; it did not reflect well upon the prior filings. She noted that she had been employed at $12.98 per hour for the prior eight months, she and her spouse own their own home and the family was receiving some unemployment benefits. Relying on this application, I allowed the filing at a small fee of $20.00. I concluded that the prior inadequate applications were either the product of inattention to the very clear plain English questions asked on a form designed for use by non-lawyers, or a failure to understand the gravity of her obligation to be completely truthful.

My conclusion of inattention or failure to understand was wrong. Plaintiff and her spouse are the owners of record of a condominium on the island of Maui in Hawaii. They purchased the condominium in 2002 for $152,000 and its value is now assessed at $371,600. Plaintiff and her spouse paid property taxes ranging from several hundred dollars to over a thousand dollars through the years. Plaintiff and her spouse also own a townhome in Maricopa County, Arizona. They purchased the townhome in 2005 for $217,285 and they paid the taxes in 2005. In addition they own or owned a commercial property on Western Avenue in Chicago. Finally, the residence which plaintiff wrongly swore was worth $98,000 (the purchase price nearly two decades ago) is encumbered with two mortgages totaling $185,000. They have paid the taxes on this property too.

Plaintiff explains that she did not list the property they own which is not their personal residence because they are not the true owners. She claims that the townhome in Arizona is a parent's home and that the Maui condominium is owned jointly with other family members.

2

This is a matter which was fully heard in court and I simply do not believe those explanations. The form clearly asks for a list of all assets and then allows the petitioner to explain why the asset is not worth much or legally available for use. We have adopted a form which requires that a petitioner first tell us everything about their assets. After the petitioner has done so, he or she can then explain why the assets are not available for their use. Plaintiff was employed in a responsible position for many years. She appears educated, intelligent and articulate. However, she deliberately adopted tortured readings of the questions asked on the form so that she could conceal her assets. She has expressly declined to argue that her spouse counseled or directed her to use these tortured readings. But, even if her spouse did suggest these readings, there is one question for which her false answer is indefensible under any circumstances.[1]

The form asks whether "you or anyone living at the same address have more than $200 in cash or checking or savings accounts . . . ." Plaintiff's son lives at her residence with his own wife and two children. He pays bills (none of which are in his name), gives them cash and supports them. Plaintiff herself elicited this testimony, and there is no arguable justification for failing to provide this information since the support certainly exceeded the threshold level specified on the form by a great margin.[2]

---

[1] The plaintiff also failed to list some shares of stock (of significant value) of a former employer that she owns. She claims that she thought the shares had been fully distributed from a pension trust and sold and were no longer owned. I make no decision about the truth of this assertion.

[2] Her spouse has filed the same forms in front of two other judges of this Court. Both Judge Nordberg and Judge Manning have found that he lied and dismissed his cases. I noted that Plaintiff refused to take the position that this final application was done by her spouse or at his insistence or direction. I find that she did this because the truth is that she understood the obligation to fill out the application truthfully was hers and understood that she had the right to choose whether to repeat the same lies that her husband uttered, or to file a more accurate

3

Plaintiff has replicated the performances that Judges Nordberg and Manning found to constitute false applications when they dismissed her spouse's cases. Now, the question is whether I will dismiss this case as well. In this regard I consider (albeit reluctantly, because it depends on accepting some of Plaintiff's assertion about incidents in her life as the truth) the fact that Plaintiff appears to be laboring under emotional stress related to deaths in her family. Indeed, the underlying lawsuit deals with her return to Defendants' employ after an absence due to depression. I also consider the fact that the person that probably initiated the deceptions was her spouse. She then adopted those same deceptions. For this reason, I decline to dismiss her case outright. Instead, I will impose conditions on her proceeding with the lawsuit. These are sanctions for her blatant violation of her legal obligations and lying to the court. The lawsuit may proceed if, and only if, Plaintiff pays a sanction of $500.00 to the United States of America and also pays the costs, expenses and legal fees Defendants incurred in order to investigate, discover and prove the falsity of her application. Defendants are to provide a petition specifying the amounts it believes it is due by January 31, 2007. Plaintiff is given until February 14, 2007 to challenge the amount so proposed. I will then enter a final amount for the sanctions pursuant to 28 U.S.C.§ 1915 (e).

I recognize the Plaintiff might be either unwilling or unable to pay all of this fee, but Plaintiff imposed these costs on Defendants by virtue of her own very wrongful acts.[3]

---

application. She made that choice voluntarily and wrongly.

[3]Plaintiff might be offering a defense that she should not be sanctioned because, after the application process she started was not working well, she offered to pay the full filing fee. I have no idea whether this is true but it does not excuse her actions. Even if she were to pay the filing fee, Defendants would have had to investigate her false claims in order to seek sanctions on the false application she had already filed. Also, it does not excuse the offense she committed

4

Therefore, I will not excuse payment of reasonable fees, costs and expenses and the sanction payable to the United States. I also advise Plaintiff that payment will permit her only to proceed with her filing. Given her conduct, I would be reluctant to appoint counsel to serve at no cost to her. Additionally, allowing her to proceed at this relatively late date might allow Defendants to argue that the delay in going forward may have unduly prejudiced their defense.

Defendants' motion to dismiss as a sanction for filing false applications is denied in part and granted in part. The case may proceed only on condition of payment of certain fees and costs expended by defendant. Plaintiff is also ordered to pay the entire filing fee.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: January 17, 2007

---

against the court.